IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALEXANDER A. WILLIAMS,<br>　　#19042243,<br>　　　　Petitioner,<br>vs.<br><br>LEW STERRECT,<br>　　　　Respondent. | )<br>)<br>)<br>)   No. 3:19-CV-2905-X (BH)<br>)<br>)<br>)   Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the petitioner's *Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241*, received on February 24, 2020 (doc. 9). Based on the relevant filings and applicable law, the petition should be **DISMISSED** for lack of jurisdiction, and the petitioner's non-habeas claims should be **DISMISSED** without prejudice to seeking relief in a civil rights case.

### I. BACKGROUND

Alexander A. Williams (Petitioner), a state pretrial detainee incarcerated at Dallas County Jail in Dallas, Texas, appears to challenge his pretrial detention in Cause No. F-1955255 in the 283rd Judicial District Court under 28 U.S.C. § 2241. (*See* doc. 9 at 1, 3);[2] *see also* http://obpublicaccess.dallascounty.org (last visited May 19, 2021).

Petitioner originally filed this action using the standard form for petitions for writ of habeas corpus by a person in state custody under 28 U.S.C. § 2254, and he appeared to challenge probation or deferred-adjudication probation and a disciplinary proceeding in three separate cases. (*See* doc. 3 at 1, 2.) He argued that (1) his indictment was legally insufficient; (2) he did not receive his

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Page citations refer to the CM/ECF system page number at the top of the page rather than the page numbers at the bottom of each filing.

*Miranda* "rights"; (3) he was the victim of police brutality; (4) officers broke the law; (5) there was prosecutorial misconduct; (6) a false police report was filed, and this allowed two individuals to break in and steal his things; (7) he was arrested for littering a cigarette; (8) he was arrested for a "fake ticket" on his court day, but he does not know what the ticket was for; (9) he was assaulted by a police officer inside an Enterprise Car Rental parking lot; (10) the judge prevented him from firing his lawyers; (11) his attorney is not doing any type of investigation; and (12) he has not received effective assistance from his counsel. (*See id.* at 6-11.)

On February 24, 2020, Petitioner's amended petition was received on the standard form for an action filed under 28 U.S.C. § 2241, and it specifically made reference to "pretrial detention" and was limited to Cause No. F-1955255. (*See* doc. 9 at 2-3.) In connection with Cause No. F-1955255, Petitioner claimed that (1) his Fourth Amendment rights were violated; (2) the undercover officer "Broke his Cover"; (3) his arresting officer used excessive force; and (4) there was a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). (*See id.* at 5-6.) He requested "the court to dismiss this case because of violations [ ] or let my [sic] free to better prepare myself for trial." (*Id.* at 7.)

On March 2, 2020, Cause No. F-1955255 was dismissed on motion of the Dallas District Attorney. *See State v. Williams*, No. F-1955255 (283rd Dist. Ct., Dallas, Tex. Mar. 2, 2020), *available at* http://obpublicaccess.dallascounty.org (last visited May 19, 2021).

## II. PROPER RESPONDENT

Petitioner names "Lew Sterrect" Jail in Dallas County, Texas as respondent. (*See* doc. 9 at 1.) "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfield v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). In a habeas corpus proceeding under § 2241, the correct

2

respondent is the petitioner's immediate custodian. *See Mounce v. Knighten*, 503 F.2d 967, 969 (5th Cir. 1974) (the only proper respondent in a habeas corpus proceeding is the custodian of the inmate). Marian Brown, Sheriff of Dallas County Jail, where Petitioner was incarcerated, is the proper respondent and should be designated as the respondent.

### III. NATURE OF SUIT

Petitioner submitted his original petition on the standard form for filing a "petition for writ of habeas corpus by a person in state custody" under 28 U.S.C. § 2254. (*See* doc. 3.) Section 2254 is reserved for habeas petitions brought on "behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a).

Petitioner alleges that he is being held on "pretrial detention." (*See* doc. 9 at 2); *see also* http://obpublicaccess.dallascounty.org (last visited May 19, 2021). A pretrial detainee's suit challenging his incarceration is properly brought under 28 U.S.C. § 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the [pending case].'" *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir.1998) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.1987))*; see also Fain v. Duff*, 488 F.2d 218, 222 (5th Cir. 1973) (recognizing that "[t]he purpose of this writ is not to examine the validity of any judgment, but merely to inquire into the legality of a detention."). Because Petitioner is challenging his pretrial detention, his petition is properly construed as arising under § 2241.

### IV. JURISDICTION

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case or controversy becomes moot "when the issues presented are no longer

3

'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a "personal stake in the outcome" of the lawsuit. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks and citations omitted). If a controversy becomes moot, the case is dismissed for lack of subject matter jurisdiction. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990).

"[T]o be eligible for habeas relief [under 28 U.S.C. § 2241], a petitioner must be 'in custody' and must have exhausted his available state remedies." *Dickerson*, 816 F.2d at 224. A habeas petition "is not moot simply because a § 2241 petitioner is no longer in custody." *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (citing *Brown v. Resor*, 407 F.2d 281, 283 (5th Cir. 1969)). A habeas petition may be moot, however, "when the court cannot grant the relief requested by the moving party." *Id.* at 257 (citing *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)); *see also Kokoski v. Fox*, No. 1:10cv777, 2012 WL 4321717, at *3 (E.D. Tex. Aug. 6, 2012) ("A case may become moot when an 'intervening factual event . . . causes the [petitioner] to no longer have a present right to be vindicated or a stake or interest in the outcome.'") (quoting *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998)).

Here, Petitioner's Fourth Amendment and *Brady* challenges to his pre-trial detention were pending when the charges against him in Cause No. F-1955255 were dismissed, and he was released from custody. Because the only relief he sought was dismissal of the case or his release from pretrial detention, the dismissal of his case by the Dallas District Attorney and his release from

4

custody while his petition was pending renders his § 2241 claims moot. *See, e.g.*, *Salgado*, 220 F. App'x at 257; *McNeil v. Mason*, No. 3:19cv13-DPJ-FKB, 2020 WL 898513, at *1 (S.D. Miss. Jan. 29, 2020) (finding that § 2241 petition was moot where the petitioner sought immediate release on bond and was released on a personal recognizance bond while petition was pending), *rec. adopted*, 2020 WL 888052 (S.D. Miss. Feb. 24, 2020); *Garza-Villanueva v. McAleenan*, No. 1:19-cv-065, 2019 WL 2424080, at *1 (S.D. Tex. Apr. 26, 2019) (stating that the petitioner's request for immediate release from custody was moot following dismissal of criminal case and release from pre-trial detention), *rec. adopted*, 2019 WL 2420132 (S.D. Tex. June 10, 2019). Accordingly, the § 2241 petition should be dismissed for lack of jurisdiction.

## V. CIVIL CLAIMS

Petitioner also claims that two undercover officers "broke[ ] they're [sic] cover, especially the [one] that chased [him]," and that he "was assaulted by [his] arresting officer with police brutality and excessive force." (doc. 9 at 5-6.)

Claims that do not challenge Petitioner's custody may not be raised in this habeas action. Courts may only consider federal habeas petitions under 28 U.S.C. § 2241 on grounds that the petitioner is in custody in violation of the Constitution, laws, or treaties of the United States. *See Preiser v. Rodriquez*, 411 U.S. 475, 484-87 (1973); *Vela v. Underwood*, No. 3:19-CV-1578-B (BH), 2019 WL 3878089, at *1 (N.D. Tex. July 29, 2019) (citing 28 U.S.C. § 2241(c)(3)). Petitioner's non-habeas civil claims may be liberally construed either as a civil rights action under 42 U.S.C. § 1983, or as a mandamus action under 28 U.S.C. § 1651 that must be raised in a separate civil case against the appropriate parties. Because Petitioner may only raise habeas claims in this habeas case, his non-habeas civil claims should be dismissed without prejudice to seeking relief in a civil rights

5

case. *See Davis v. Valdez*, No. 3:15-CV-3952-D (BH), 2016 WL 749899, at *2 (N.D. Tex. Jan. 4, 2016), *rec. adopted*, 2016 WL 728817 (N.D. Tex. Feb. 24, 2016).

If Petitioner wishes to pursue his civil claims, he must file a separate civil action using the appropriate forms for his civil claims and pay the applicable filing fees. The Prison Litigation Reform Act (PLRA) requires that <u>all</u> prisoners who bring a civil action pay the full $402 filing fee, although the fee may be paid in installments that are withdrawn from the prisoner's trust account if leave to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(b)(1).[3] Because of the filing fee, Petitioner's motion is not liberally construed as seeking to open a new case at this time.

## VI.  RECOMMENDATION

The petitioner's *Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241*, received on February 24, 2020 (doc. 9), should be **DISMISSED** for lack of jurisdiction. The petitioner's non-habeas claims should be **DISMISSED** without prejudice to seeking relief in a civil rights case.

**SO RECOMMENDED** this 19th day of May, 2021.

*[signature: Irma Carrillo Ramirez]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] As of December 1, 2020, a $52 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id*. The $52 administrative fee will not be deducted. *Id*.

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE